**James E. BROWN, dba Corrections and Rehabilitation Center, Plaintiff—Appellant,**

v.

**CITY OF LOS ANGELES, Defendant—Appellee.**

No. 03–56449.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 23, 2004.

James E. Brown, Los Angeles, CA, for Plaintiff–Appellant.

Dion O'Connell, Los Angeles, CA, for Defendant–Appellee.

Before: LEAVY, THOMAS and FISHER, Circuit Judges.

## MEMORANDUM **

Appellant James Brown appeals pro se the district court's grant of summary judgment for the City of Los Angeles ("the City"). Brown alleged racial discrimination by the City when it denied his proposal to lease space in a City-owned property. We have jurisdiction pursuant to 28 U.S.C. 1291, and we affirm.

We review de novo a district court's grant of summary judgment. *Community Bank of Arizona v. G.V.M. Trust,* 366 F.3d 982, 984 (9th Cir.2004).

To establish municipality liability for his equal protection claim under 42 U.S.C. § 1983, Brown had to demonstrate that (1) he was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the violation. *Oviatt v. Pearce,* 954 F.2d 1470, 1474 (9th Cir.1992). Deliberate indifference "occurs when the need for more or different action is so obvious, and the inadequacy of the current procedure so likely

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to result in the violation of constitutional rights, that the policymakers ... can reasonably be said to have been deliberately indifferent to that need." *Id.* at 1477.

Brown alleges the following as discriminatory policies: (1) the creation of a Hispanic majority district to guarantee a Hispanic councilperson a safe seat in City Council elections; and (2) the City's requirement that all applications to lease or use City property be submitted to the office of the council person representing the district in which the property is located.

The deliberate construction of minority controlled voting districts does not violate the Constitution. *Garza v. County of Los Angeles,* 918 F.2d 763, 776 (9th Cir.1990). There is nothing inherent in the City's application review policy to make violations of constitutional rights "likely" or a different method "obvious."

Even if Brown could establish an offensive municipal policy, he has not produced sufficient evidence of discriminatory intent or motive to support an equal protection claim. *Serrano v. Francis,* 345 F.3d 1071, 1081–82 (9th Cir.2003).

Brown also alleges that the denial of his lease proposal violated his right to procedural due process. Brown has no state or local law entitlement to approval of his lease. Absent a protectable property interest, Brown cannot establish a due process claim. *Bateson v. Geisse,* 857 F.2d 1300, 1305 (9th Cir.1988).

We have considered Brown's remaining claims and conclude they lack merit.[1]

**AFFIRMED.**

---

1. We also have considered Brown's motion to strike portions of the City's supplemental excerpts of record. Because we do not rely on the disputed documents in affirming the district court, we deny Brown's motion as moot.